UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HELEN SWANSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-11-80 |
| § | |
| RAILROAD COMMISSION OF TEXAS, § | |
| § | |
| Defendant. § | |

## ORDER

On this day came on to be considered Defendant Railroad Commission of Texas's Motion to Dismiss. (D.E. 11.) For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED, and this action is hereby DISMISSED WITHOUT PREJUDICE.

### I. Factual Background

Plaintiff Helen Swanson filed this action in this Court on March 24, 2011. (D.E. 1.) She filed an Amended Complaint on April 27, 2011, which is now the live pleading in this matter. (D.E. 9.)

In her Amended Complaint, Plaintiff states that she was employed as an administrative assistant by Defendant in Corpus Christi, Texas for more than sixteen years. Plaintiff states that she experienced serious medical problems in May 2009, requiring her to be absent from work and to request Family and Medical Leave Act ("FMLA") leave from "early June through on or about June 21, 2009." She states that she returned to work on June 22, 2009, remaining employed until July 6, 2009, at which time she was "constructively discharged." She claims that she was unaware of the reason for the discharge at the time. (D.E. 9 at 2.)

Plaintiff alleges that she submitted all documentation required under the FMLA to account for her period of absence. Her treating physician, Gerald W. Boynton, M.D., certified that Plaintiff was unable to work because she was unable to walk or talk on the telephone. (D.E. 9 at 3.) Plaintiff alleges that Defendant rejected Dr. Boynton's medical opinions, and designated her absences in June 2009 as "leave without pay." She states that she was charged with one period of "leave without pay" in early June 2009, and a second on June 24, 2009, even though she claims to have worked that day. Plaintiff thus contends that Defendant discharged her because of her two periods of "leave without pay." (D.E. 9.)

On the basis of these allegations, Plaintiff claims that Defendant discriminated and retaliated against her due to her use of FMLA leave. She also claims age and disability discrimination, under "federal and state law." (D.E. 9 at 3-6.)[1] Plaintiff seeks monetary damages, in the form of "lost wages and benefits in the past and future, liquidated damages, costs, attorney's fees, pre-judgment interest and post-judgment interest." (D.E. 9 at 6.)

## II.     Procedural Background

Defendant filed a Motion to Dismiss on April 22, 2011. (D.E. 6.) Because Plaintiff subsequently filed an Amended Complaint, the Court denied as moot Defendant's Motion to Dismiss. (D.E. 10.) On May 11, 2011, Defendant filed the Motion to Dismiss presently before the Court, seeking dismissal pursuant to Federal

---

[1] Plaintiff does not specifically refer to the statutes under which she brings her claims of age and disability discrimination. Nevertheless, such claims would be brought under the Age Discrimination in Employment Act and the Americans with Disabilities Act, respectively, as well as the accompanying state statute, the Texas Commission on Human Rights Act.

Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 11.) Plaintiff responded on May 20, 2011. (D.E. 12.)

### III. Discussion

#### A. Rule 12(b)(1) Standard

It is well established that, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Therefore, the Court first considers Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

When a party challenges a court's subject matter jurisdiction under Rule 12(b)(1), it can make either a "facial attack" or a "factual attack." As the Fifth Circuit has explained, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. A 'factual attack,' however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. Moreover, a 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980) (internal citations omitted); see also Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981) ("Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because

they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."); Moussazadeh v. Texas Dep't of Crim. Justice, 2009 WL 819497, at *7 (S.D. Tex. Mar. 26, 2009) (discussing difference between factual and facial attacks).

In this case, Defendant makes a facial attack, as it does not submit affidavits, testimony, or other evidentiary materials in support of the Rule 12(b)(1) motion, and this motion is made at an early stage of the proceedings on a purely legal basis. As such, the Court must "merely . . . see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca, 613 F.2d at 511.

### B. Claims Barred by Sovereign Immunity

Defendant argues that Plaintiff's claims of age and disability discrimination, whether brought under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), or the Texas Commission on Human Rights Act ("TCHRA") are barred by sovereign immunity, as Defendant is undisputedly a state agency. As such, these claims should be dismissed for lack of jurisdiction. (D.E. 11 at 3-5.) Defendant similarly contends that Plaintiff's FMLA "self-care" claim is also barred by sovereign immunity. (D.E. 11 at 5-6.) Plaintiff disagrees with several aspects of Defendants' argument, though concedes others. (D.E. 12.)

1.      **ADEA Claim**

Plaintiff asserts a claim of age discrimination, under "federal and state law." (D.E. 9 at 5.) Federal age discrimination claims are brought under the ADEA. 29 U.S.C. § 623.[2] Defendant argues that it has sovereign immunity with respect to Plaintiff's age discrimination claim. (D.E. 11 at 3.) Plaintiff concedes that sovereign immunity bars her claim under the ADEA. (D.E. 12 at 22.)

The Supreme Court specifically held in Kimel v. Florida Bd. of Regents that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." 528 U.S. 62, 92 (2000). The Court explained, "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, but that the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment." Id. at 67; see also Simmons v. Texas Dep't of Crim. Justice, 34 Fed. Appx. 152, 2002 WL 496409, at *1 (5th Cir. Mar. 21, 2002) (citing Kimel); Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 317 (5th Cir. 2001) (citing Kimel, and explaining that "because the ADEA is not a proper exercise of Congress's power under the Fourteenth Amendment, the statute cannot abrogate a state's sovereign immunity without an express waiver by the state."); Jones v. Performance Service Integrity, 492 F. Supp. 2d 590, 598 (N.D. Tex. 2007) ("Jones brings an ADEA violation claim and a retaliation claim under the ADEA. Congress cannot abrogate Eleventh Amendment immunity through the ADEA.") (citing Kimel).

There is no dispute between the parties that Defendant Railroad Commission of Texas is a state agency (D.E. 9 at 1; D.E. 11) and Texas law clearly establishes Defendant

---

[2] Section 621(a)(1) provides, "[i]t shall be unlawful for an employer - (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

as such. See, e.g., Tex. Nat. Res. Code § 81.051(a) (establishing responsibilities of Railroad Commission of Texas); In re Reichmann Petroleum Corp., 2009 WL 915280, at *5 (S.D. Tex. Mar. 31, 2009) ("The Texas Natural Resources Code provides for the establishment of the Railroad Commission of Texas, a state agency which has jurisdiction over all oil and gas wells in the State of Texas.").[3]

In light of the fact that Defendant is a state agency entitled to sovereign immunity, that the ADEA does not waive state sovereign immunity, and that Plaintiff seeks monetary damages under the ADEA, this claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 2. ADA Claim

Plaintiff asserts a disability discrimination claim, which may be brought under the ADA. 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."). Once again, Defendant claims sovereign immunity. (D.E. 11 at 3-4.) As with Plaintiff's age discrimination claim, Plaintiff concedes that Defendant has sovereign immunity with respect to the ADA. (D.E. 12 at 22.)

---

[3] When confronted with a governmental entity asserting Eleventh Amendment immunity as an arm of the state, the Fifth Circuit applies the test established in Clark v. Tarrant County, 798 F.2d 736 (5th Cir. 1986). Williams, 242 F.3d at 318. The Clark test considers: "(1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." Id. at 319. None of the factors is dispositive. Id. A review of these factors also clearly leads to the conclusion that Defendant Railroad Commission of Texas is a state agency.

As with claims under the ADEA, it is well established that disability discrimination claims under the ADA are barred by the Eleventh Amendment. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 360 (2001) ("We decide here whether employees of the State of Alabama may recover money damages by reason of the State's failure to comply with the provisions of Title I of the Americans with Disabilities Act of 1990 . . . . We hold that such suits are barred by the Eleventh Amendment.")[4]; Tennessee v. Lane, 541 U.S. 509, 521 (2004) ("In Garrett, we concluded that Title I of the ADA was not a valid exercise of Congress' § 5 power to enforce the Fourteenth Amendment's prohibition on unconstitutional disability discrimination in public employment."); see also Siler-Khodr v. Univ. of Texas Health Science Center San Antonio, 261 F.3d 542, 550 n.6 (5th Cir. 2001) ("The Garrett Court held that the . . . ADA . . . unconstitutionally abrogates the states' Eleventh Amendment immunity because 1) discrimination in employment against the disabled is reviewed under rational basis for purposes of the Equal Protection Clause and 2) the legislative record of the ADA fails to reveal that Congress identified a pattern of irrational state discrimination.").

As with Plaintiff's ADEA claim, Defendant's status as a state agency entitles it to sovereign immunity from Plaintiff's ADA claim for monetary damages. The claim must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).

### 3. TCHRA

As noted above, Plaintiff also states claims of age and disability discrimination under state law. Chapter 21 of the TCHRA provides that an employer commits an unlawful employment practice if it discharges an employee on the basis of "race, color,

---

[4] The prohibition against disability discrimination is contained within Title I of the ADA. See Brennan v. Mercedes Benz USA, 388 F.3d 133, 134 (5th Cir. 2004).

disability, religion, sex, national origin, or age . . . ." Tex. Lab Code Ann. § 21.051; see, e.g., Waffle House, Inc. v. Williams, 313 S.W.3d 796, 814 (Tex. 2010). Defendant again asserts sovereign immunity with respect to this claim. (D.E. 11 at 5-6.) In response, Plaintiff argues that she may pursue her state law claims for both age and disability discrimination in this Court under the Court's supplemental jurisdiction. (D.E. 12 at 22.)[5]

As an initial matter, the Fifth Circuit has expressly held that the TCHRA does not waive Texas's Eleventh Amendment immunity in federal court. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 332 (5th Cir. 2002); see also Watson v. Univ. of Texas Health Sci. Ctr., 2009 WL 1476469, at *1 (S.D. Tex. May 27, 2009) ("The Eleventh Amendment precludes Plaintiff from asserting in federal court her claims under Chapter 21 of the Texas Labor Code and under § 451.001 of the Texas Labor Code."). Further, the Fifth Circuit has explicitly rejected Plaintiff's argument that such claims may properly be brought under the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The court explained, "[t]he State of Texas has waived its sovereign immunity in state courts for TCHRA violations. Texas' waiver of sovereign immunity in its own courts, however, is not a waiver of its Eleventh Amendment immunity in federal courts. **Indeed, the Eleventh Amendment bars the adjudication of pendent state law claims against non-consenting state defendants in federal court. And the supplemental jurisdiction statute, 28 U.S.C. § 1367, which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity**." Hernandez v. Texas Dept. of Human Services, 91

---

[5] Plaintiff also argues that her suit was timely filed after exhausting her administrative remedies. (D.E. 12 at 23.) Because the Court concludes that dismissal is appropriate due to Defendant's sovereign immunity, it need not reach this issue.

Fed. Appx. 934, 935 (5th Cir. 2004)[6] (emphasis added) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985); Pennhurst State Sch. & Hosp. v. Haldermann, 465 U.S. 89, 120 (1984); Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541-42 (2002)); see also Watson v. Texas, 261 F.3d 436, 440 n.5 (5th Cir. 2001) ("[T]he presence of supplemental jurisdiction does not eliminate an Eleventh Amendment bar.").

As Defendant is a state agency, it is entitled to sovereign immunity in federal court for claims brought under the TCHRA. Therefore, Plaintiff's claims of age and disability discrimination under the TCHRA must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

### 4. FMLA

Finally, Defendant argues that dismissal is proper because sovereign immunity applies to FMLA "Subsection D" claims regarding self-care. (D.E. 11 at 5-6.) Plaintiff responds that Defendant has waived any sovereign immunity it may have had in this matter by (1) enacting a state statute that embraces the FMLA and (2) adopting written policies and procedures that expressly adopt the FMLA. Plaintiff also argues that Congress did intend to abrogate sovereign immunity with respect to subsection D of the FMLA. (D.E. 12 at 3-7.)

In pertinent part, the FMLA guarantees eligible employees twelve workweeks of leave during any twelve month period for the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

---

[6] Although the Fifth Circuit's decision was not published and therefore technically lacks precedential value, it relied upon relevant Supreme Court precedent, and the Court relies upon it as an expression of the Fifth Circuit's position on this issue.

> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> **(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.**
>
> (E) Because of any qualifying exigency . . . arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1) (emphasis added). The Fifth Circuit in Kazmier v. Widmann held that the Eleventh Amendment immunizes states from suits for money damages brought under subsections C and D of Section 2612(a)(1). 225 F.3d 519, 526-29 (5th Cir. 2000). This decision was later reversed by the Supreme Court as to subsection C. Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 735 (2003). Subsequent to this decision, however, the Fifth Circuit has confirmed that Eleventh Amendment immunity still applies to claims for money damages brought under subsection D of Section 2612(a)(1). Nelson v. University of Texas at Dallas, 535 F.3d 318, 321 (5th Cir. 2008) ("[W]e agree . . . that the Supreme Court's ruling in Hibbs applies only to subsection C. **Therefore, this court's decision in Kazmier still remains the law of this circuit with respect to subsection D**. Consequently, Daniel may assert the defense of sovereign immunity in Nelson's suit against him in his official capacity under subsection D.") (emphasis added).

Here, Plaintiff has clearly brought suit under subsection D, as she claims that she experienced a serious health problem, making her unable to work. Moreover, it is clear that Defendant, the Texas Railroad Commission, is a state agency entitled to sovereign immunity (as discussed above) and that Plaintiff seeks monetary damages under the FMLA. As such, sovereign immunity bars her claim. Nelson, 535 F.3d at 321.

Plaintiff contends that, "by voluntarily enacting a state statute embracing the FMLA and in voluntarily encouraging the plaintiff to participate in the FMLA by policies and procedures, the defendant has waived sovereign immunity with respect to the plaintiff's FMLA claim." (D.E. 12 at 7.) However, "[i]t has long been settled that a state's waiver of its Eleventh Amendment immunity must be unequivocally expressed." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 332 (5th Cir. 2002). The Supreme Court has explained, "[i]n deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974). Here, Plaintiff relies upon state law which entitles state employees to leave under the FMLA. (D.E. 12 at 4 (citing Tex. Gov't Code § 661.912).)[7] This does not constitute a waiver of sovereign immunity. Rather, Texas is merely recognizing employee's rights under federal law to take FMLA leave. Section 661.912 does not expressly state or even imply that Texas consents to suits for violations of the FMLA, or in any manner waives its immunity. The only implication to be drawn from the text of the statute is that certain state employees are entitled to FMLA leave. Plaintiff cites no

---

[7] This section provides:

> (a) To the extent required by federal law, a state employee who has a total of at least 12 months of state service and who has worked at least 1,250 hours during the 12-month period preceding the beginning of leave under this section is entitled to leave under the federal Family and Medical Leave Act of 1993 (29 U.S.C. Section 2601 et seq.).
>
> (b) The employee must first use all available and applicable paid vacation and sick leave while taking leave under this section, except that an employee who is receiving temporary disability benefits or workers' compensation benefits is not required to first use applicable paid vacation or sick leave while receiving those benefits.

Tex. Gov. Code § 661.912.

authority for the proposition that passage of such a statute amounts to waiver of sovereign immunity.

The same result applies to Plaintiff's argument regarding Defendant's written policies and procedures (See D.E. 12-1.) The mere fact that the agency has included FMLA policies in its guidelines does not constitute a waiver of sovereign immunity. The Court is aware of no authority that allows a court to find a waiver of sovereign immunity based solely on policy statements in a state agency's handbook. There is no "unequivocal[] express[ion]" of waiver to be found. Perez, 307 F.3d at 332.

Plaintiff also argues that the Nelson court's interpretation of Hibbs as applying only to subsection C of the FLMA is dicta and has no precedential value. Plaintiff further contends that this dicta is contrary to Hibbs, and proceeds to argue in great detail that Congress did in fact intend to abrogate sovereign immunity with respect to subsection D of the FMLA (the self-care provision). (D.E. 12 at 8-20.) Plaintiff's argument lacks merit for several reasons. First of all, the Fifth Circuit originally declared that the Eleventh Amendment immunized states from money damage suits brought under subsections C and D of the FLMA in Kazmier v. Widmann, 225 F.3d 519, 526-29 (5th Cir. 2000). While the Supreme Court in Hibbs overruled Kazmier with respect to subsection C, it did not address subsection D. Hibbs, 538 U.S. 721. Thus, Kazmier still remains the law of this Circuit, as the Fifth Circuit reaffirmed in Nelson. 535 F.3d at 321. Second, Plaintiff's characterization of Nelson as dicta with "no precedential value," is overstated. The Nelson court expressly opined on whether sovereign immunity could be asserted with respect to the plaintiff's subsection D lawsuit, and found that it could. Nelson, 535 F.3d at 321 ("[T]his court's decision in Kazmier still remains the law of this

circuit with respect to subsection D. Consequently, Daniel may assert the defense of sovereign immunity in Nelson's suit against him in his official capacity under subsection D."). Finally, even if simply dicta, the Court is not free to ignore Nelson, as Plaintiff wishes it to do. While it is true that dicta is "not binding," it does constitute "persuasive authority." Soc'y of Separationists, Inc. v. Herman, 939 F.2d 1207, 1211 (5th Cir. 1991), In this case, such a clear statement of the law from the Fifth Circuit is strongly persuasive for this Court. See Braud v. Transport Serv. Co. of Ill., 445 F.3d 801, 804 (5th Cir. 2006) ("Plaintiffs' argument that Knudsen I and the other cases cited by defendants are inapposite and provide mere 'dicta' is also misplaced. Even if the statements are dicta, they are persuasive."); see also Humphrey's Executor v. United States, 295 U.S. 602, 627, (1935) (dicta "may be followed if sufficiently persuasive" but are not binding). Whatever the merit of Plaintiff's arguments, the Fifth Circuit in Nelson expressed its opinion that state agencies may continue to assert sovereign immunity with respect to FMLA subsection D, and reaffirmed that Kazmier remains the law of this Circuit. The Court cannot and will not rule contrary to these decisions.

      In sum, the Court finds that Plaintiff's claims for discrimination under the ADEA, the ADA, the TCHRA and the FMLA must be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1), as Defendant has sovereign immunity with respect to those claims. Although Defendant requests dismissal with prejudice, dismissal without prejudice is proper when such dismissal is due to lack of subject matter jurisdiction. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); Ramming v. U.S., 281

U.S. 158, 161 (5th Cir. 2001) ("The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."); see also In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209 (5th Cir. 2010) (citing Ramming).

**IV.    Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. (D.E. 11.)  Plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE.

SIGNED and ORDERED this 24th day of May, 2011.

_____
Janis Graham Jack
United States District Judge